**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.M.**

**No. 23-452** (Kanawha County 23-JA-72)

## MEMORANDUM DECISION

Petitioner Father C.M.[1] appeals the Circuit Court of Kanawha County's July 5, 2023, order terminating his parental rights to M.M., arguing that the circuit court erred by finding that the child was abused and neglected, terminating the petitioner's parental rights, and denying post-termination visitation.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2023, the DHS filed an abuse and neglect petition alleging that the child's mother used illicit drugs while pregnant with M.M. and obtained little prenatal care. Although the petition stated that the petitioner admitted to having a history of marijuana use, the DHS found the petitioner to be a fit and appropriate parent at that time. The petitioner took custody of the child after the child's birth and release from the hospital. However, an amended petition was filed later in March 2023, alleging that the petitioner was charged with domestic battery against the mother in December 2022, while she was pregnant with M.M. The child was removed from the petitioner's custody after the DHS discovered the criminal charge.

The circuit court held a preliminary hearing in April 2023. A DHS worker testified that the DHS discovered the petitioner had a history of domestic violence, including one incident in December 2022 where it was alleged that the petitioner attempted to strangle the mother while she was pregnant with M.M. Upon the DHS's motion, the court took judicial notice of the criminal case. The worker also testified the petitioner had additional domestic violence charges involving

---

[1] The petitioner appears by counsel Rick F. Holroyd. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Jennifer N. Taylor appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

other women. The petitioner denied the incident with the mother and denied having any other domestic violence charges. The mother testified that she did not wish to proceed with the criminal case and that the incident was a "misunderstanding."

The circuit court held an adjudicatory hearing in May 2023. The circuit court again took judicial notice of the criminal case file regarding the petitioner's domestic violence charge in December 2022 where the mother was the alleged victim. The DHS admitted a 9-1-1 report from the day of the incident which reported the petitioner and the mother "physically fighting" in a vehicle. A DHS worker testified that the domestic battery charge was recently dismissed because the mother did not want to pursue the criminal case. The worker further testified that the petitioner was previously charged with domestic battery of his mother in 2021, but the charge was dismissed because his mother did not want to pursue charges. The worker also stated that the petitioner admitted to having a history of marijuana use. The circuit court adjudicated the child as an abused and neglected child and the petitioner as an abusing and neglecting parent based upon his history of domestic violence and substance abuse. Additionally, the court ordered the petitioner to participate in parenting classes, adult life skills classes, domestic violence counseling, and drug screens.

In June 2023, the court held a dispositional hearing. The DHS recommended termination of the petitioner's parental rights with no post-termination visitation. A DHS worker testified that the petitioner only participated in four of twelve scheduled classes and tested positive for methamphetamine and amphetamines three times. She further testified the petitioner failed to take accountability for any issues and failed to communicate with the DHS. She also stated the petitioner had no bond with the child. Indeed, the petitioner testified that he only spent time with the child during the two weeks when the child was initially in his custody. The petitioner denied failing to communicate with the DHS and could not explain his positive drug screens.

Ultimately, the circuit court found that the evidence established the petitioner's history of domestic violence and drug use, that the petitioner's testimony was not credible, that the petitioner failed to acknowledge his substance abuse and failed multiple drug screens, and that the petitioner had no bond with the child. Further, the court found there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of the petitioner's parental rights was in the best interests of the child. Accordingly, the court terminated the petitioner's parental rights to the child and denied post-termination visitation.[3] It is from this order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court lacked evidence to find that the child was abused or neglected by the petitioner's conduct. The petitioner argues that there were no allegations that he did anything to threaten the health, welfare, or life of the child. We find no merit to this argument given that the testimony established by clear and convincing evidence that the petitioner perpetrated domestic violence against the mother by

---

[3] The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

attempting to strangle her while she was seven months pregnant with the child. Further, West Virginia Code § 49-1-201 provides that an "[a]bused child" is defined, in part, as one "whose health or welfare is being harmed or threatened by . . . [d]omestic violence as defined in § 48-27-202 of this code." West Virginia Code § 48-27-202 defines domestic violence to include "[a]ttempting to cause or intentionally, knowingly or recklessly causing physical harm" to a family or household member.[4] Thus, we find sufficient evidence to support the petitioner's adjudication. *See* W. Va. Code § 49-4-601(i) (imposing a clear and convincing burden of proof to support adjudication).

Second, the petitioner argues that the circuit court erred by terminating his parental rights based upon domestic violence. In support of this, the petitioner argues that the domestic battery charge was dismissed and that he participated in some domestic violence counseling. However, we likewise find no merit to this argument. We have explained that "the evidence in an abuse and neglect case does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence." *In re F.S.*, 233 W. Va. 538, 546, 759 S.E.2d 769, 777 (2014); *see also In re B.C.*, 233 W. Va 130, 139, 755 S.E.2d 664, 673 (2014) ("This Court has determined that civil abuse and neglect proceedings are to be treated as separate and apart from criminal proceedings . . . ."). Therefore, the dismissal of criminal charges does not preclude a circuit court from finding abuse in an abuse and neglect case. Based on the testimony and evidence presented below, we cannot conclude that the circuit court's finding of domestic violence was clearly erroneous. *See* Syl. Pt. 1, in part, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (holding that a reviewing court shall not set aside a circuit court's finding of fact unless the finding is clearly erroneous).

Further, although the petitioner testified that he participated in services and communicated with the DHS, the circuit court found the petitioner's testimony was not credible and contrary to the testimony of the DHS workers. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). West Virginia Code § 49-4-604(c)(6) provides that termination of parental rights is appropriate when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." There is "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" where the parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." W. Va. Code § 49-4-604(d)(3). The record reflects that the petitioner failed to communicate with the DHS, failed to complete required classes, and failed drug screens. Thus, we find no error in the termination of the petitioner's parental rights.

Finally, the petitioner argues that it was not in the best interests of the child to deny post-termination visitation. To grant post-termination, the "evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in

---

[4] West Virginia Code § 48-27-204 defines "family or household members" to include persons who "have a child in common regardless of whether they have ever married or lived together."

3

the child's best interest." Syl. Pt. 5, in part, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). Below, the circuit court found that the petitioner perpetrated domestic violence against the child's mother while she was pregnant, and that the petitioner had no bond with the child. Thus, the court's finding that post-termination visitation was not in the best interests of the child is supported by the record, and we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 5, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: August 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton

**DISSENTING:**

Justice John A. Hutchison
Justice C. Haley Bunn

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

Bunn, Justice, dissenting:

In an abuse and neglect case, the DHS must prove, by clear and convincing evidence, that the respondent parent abused or neglected his child. *See* W. Va. Code § 49-4-601(i) (requiring the DHS to prove conditions of abuse and neglect by "clear and convincing evidence"). *Accord* Syl. pt. 3, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). Here, the DHS failed to establish, by clear and convincing evidence, that the respondent father abused his child by committing domestic violence against the child's mother. Therefore, I respectfully dissent from the majority's decision affirming the circuit court's adjudication of the father as an abusing parent and ultimate termination of his parental rights based on domestic violence.

A circuit court's adjudication must be based on the conditions of abuse and neglect alleged in the underlying abuse and neglect petition. *See* W. Va. Code § 49-4-601(i) (directing that court's abuse and neglect "findings must be based upon conditions existing at the time of the filing of the petition"). In this case, the DHS alleged in its initial petition that the respondent father was a fit parent despite his history of drug use. Later, the DHS amended its petition to allege that the father had committed domestic violence against the child's mother. While a parent's acts of domestic violence against the other parent in the home may be used to support a finding that the parent's child was abused, the DHS failed to prove by clear and convincing evidence that the respondent father actually committed the alleged domestic violence in this case. *See* W. Va. Code § 49-1-201(1)(D) and W. Va. Code § 48-27-202(1-3) (defining "[a]bused child" as "[a] child whose health or welfare is . . . threatened by . . . [d]omestic violence" and further indicating that domestic violence occurs when family or household members "[a]ttempt[] to cause . . . physical harm to another," "[p]lace[] another in reasonable apprehension of physical harm," or "[c]reate[] fear of physical harm by . . . threatening acts"). The clear and convincing burden of proof requires that "more than a mere scintilla of evidence has been presented to establish the veracity of the allegations of abuse and/or neglect, but it does not impose as exacting an evidentiary burden as criminal proceedings which generally require proof beyond a reasonable doubt." *In re A.M.*, 243 W. Va. 593, 598, 849 S.E.2d 371, 376 (2020) (citations omitted). *See also Cramer v. W. Va. Dep't of Highways*, 180 W. Va. 97, 99 n.1, 375 S.E.2d 568, 570 n.1 (1988) (per curiam) (construing clear and convincing evidentiary standard of proof as "intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases" (citation omitted)). But, in this case, the DHS has failed to meet this burden.

The only evidence proffered by the DHS to support its allegation that the respondent father committed domestic violence against the child's mother consists of a criminal complaint that was later dismissed and a transcript of a 911 call vaguely reporting an incident in which both parents were arguing in their vehicle. The transcript was offered with no additional testimony or explanation. Based on my review, the record contains no further evidence of the alleged domestic violence incident.

The criminal complaint, which need only meet the preponderance of the evidence standard, was ultimately dismissed without further criminal prosecution. No independent evidence beyond the complaint was offered in the abuse and neglect proceeding to prove that the father committed the alleged act of domestic violence, and no eyewitnesses, including the mother, were called to testify to the incident giving rise to the father's domestic violence charges. Upon these sparse facts, the DHS has not met its burden to prove by clear and convincing evidence that the respondent father committed child abuse through domestic violence because it has offered only "a mere scintilla of evidence . . . to establish the veracity of the allegations of abuse" by domestic violence. *In re A.M.*, 243 W. Va. at 598, 849 S.E.2d at 376 (citations omitted).

For this reason, I respectfully dissent from the majority's decision in this case.